## BYXBIE *et al. v.* WOOD.

That a complaint, under the Code, states fraudulent representations of the defendant, by which the plaintiff was induced to pay him money, which he seeks to recover back, does not necessarily stamp the action as one in tort, or show that the cause of action is not assignable.

It is no objection to a recovery in such a case that fraud is not proved, if sufficient facts appear to warrant a recovery as for money had and received.

Nor is it an objection to the assignability of the cause of action that the party paid the money under a sealed agreement, and signed admissions that the several accounts upon which he made payments were correct.

APPEAL from the Superior Court of New York city. The plaintiffs, as assignees of Edward E. Marvine, sued the defendant to recover from him certain sums of money, which it was claimed that he had obtained from Marvine by means of various false statements and representations; which representations and statements were also characterized in the complaint as fraudulent. One of them was as to the price of a barque, which the defendant represented to have cost him twelve thousand dollars, but which, in fact, had cost but four thousand dollars. For a half-interest in the barque, Marvine, by a sealed contract, agreed to pay six thousand dollars. The defendant and Marvine embarked in a joint adventure, which consisted in the purchase and fitting out of the barque and supplying her with a cargo of a very miscellaneous character for a voyage to California. It was stated in the complaint that the defendant, by whom the purchases were made, falsified the accounts of such purchases, so as to represent himself to have paid out a much larger amount than he actually had; and that, upon the basis of such false accounts, Marvine paid to the defendant, upon a settlement, as his share of the expenses of the adventure, six thousand five hundred and fifty-nine dollars and sixty-two cents more than was really due from him; which sum, with interest, the plaintiffs claimed to recover. The

complaint also stated that the defendant exhibited to Marvine, as an inducement to enter into the adventure, a letter purporting to have been written by one T. O. Larkin to the defendant, apprising him of the discovery of gold in California, and recommending the shipment of an assorted cargo to that territory, as likely to be attended with enormous profit.

To this action the defendant, by answer, interposed various defences : 1. That Marvine had not assigned the claim, but was still the true party in interest; 2. That all the statements made, and accounts rendered with such statements, were true, and the defendant had received only the money he was entitled to, and that the accounts were fairly settled ; 3. That Marvine had not paid the amounts claimed, as some of the property in which, (at an estimated value,) part payment was made, was subject to certain liens. It was further claimed on the trial, that, by a motion for a nonsuit, the defendant raised the point that the claim was not assignable, and also the point that Marvine ought to have been made a party plaintiff to the suit, and, therefore, the plaintiffs could not recover, because there was a defect of parties.

The cause, when at issue, was duly referred to three referees, who proceeded to hear the same, and in the course of the trial admitted some evidence to which the defendant objected, and, on its admission, excepted thereto; and at the close of the trial the referees made a detailed report of their findings of fact and conclusions of law, ending with an award of judgment in favor of the plaintiffs. From the judgment, entered on that report, the defendant appealed to the Superior Court at general term. That court affirmed the judgment, and from such judgment of affirmance the defendant appealed to this court.

*John W. Edmonds*, for the appellant.

*Wm. Curtis Noyes*, for the respondents.

GOULD, J. Some of the grounds urged to reverse this judgment are of little moment. Such is the point that the referees

Byxbie *v.* Wood.

erred, in refusing to allow the defendant's set-off, or counter-claim, as to certain moneys paid by him. To which point it was sufficiently answered below, that the pleadings set up neither counterclaim nor set-off, and, therefore, none could be allowed.

The claim of error in admitting evidence as to the letter of T. O. Larkin is manifestly unfounded; since, if fraud were the foundation of the action, it was clearly admissible; and if fraud were not the foundation of the action, the evidence was so utterly valueless that it could not have influenced the minds of the referees, and no finding, of even inducement to the agreement between the parties, is based on it, and no inference is drawn from it.

To the claim that there was a defect of parties, in that Marvine was not made a party plaintiff, there is a complete answer in law, in that such a point must be expressly raised either by demurer or answer, and it is not raised in either way. (Code, §§ 144–148.)

That Marvine was the real party in interest is expressly negatived, as matter of fact, by the ninth finding of the referees, that he "*duly assigned and transferred* to the plaintiffs all claims and demands, which he had against the defendant, arising out of such adventure," &c., in terms covering all the referees sustained as a cause of action. The question, (in any case,) whether the plaintiff is the true party in interest, or whether the title under which he sues is a mere sham, is, of course, one that every defendant is entitled to try. And if he relies upon facts, instead of, or beyond, or in contradiction to, the plaintiff's paper title or assignment, the question is not one of law for the court, but one of fact on which the jury are to pass. In this case the referees have so passed, and the finding is final. We are thus brought to the consideration of the chief ground taken on the part of the defendant, which is, that the cause of action, as laid in the complaint, was founded on fraud and deceit, and that such an action was for a tort of such a nature that the cause of action is not assignable. The authorities cited by the defence in support of this position,

(*Addington* v. *Allen*, 7 Wend., 9; *Zabriskie* v. *Smith*, 3 Kern., 333,) go far to answer the position; since they show just what that action is, and that it is not for false and fraudulent representations by which the defendant himself obtained money or property, but for such representations, as to the credit and responsibility of a third person, as induced the plaintiffs in those suits to sell property on credit to such third person, and thereby the plaintiffs were injured, though neither the defendant nor his property was benefited. So far as the defendant's act and the defendant himself were concerned, it was a mere naked tort; and even as to these decisions, it may be advisable to see how fully they accord with the Revised Statutes. (2 R. S., 447, §§ 1, 2.)

Such is by no means the case before us. The facts, as found by the referees are, that, by false representations and the alteration of bills and vouchers, the defendant himself received from Marvine large sums of money to which he was not entitled; and they have found that the plaintiffs are entitled to recover, not for any fraud, but for the money which the defendant had so received, and which, being so received, he had no right to retain. This state of facts does not necessarily require an action to be brought for the tort, even if it allows one to be so brought. Such facts always raised, in law, the implied promise which was the contract-cause of action in *indebitatus assumpsit* for money had and received. Having money that rightfully belongs to another, creates a debt; and wherever a debt exists without an express promise to pay, the law implies a promise; and the action always sounds in contract.

Under the Code this implied promise is treated as a fiction, and the facts, (out of which the prior law raised the promise,) are to be stated without any designation of a form of action; and the law gives such judgment as, being asked for, is appropriate to the facts. Of course, we cannot now say that a particular phrase makes a particular form of action, so that a party, by its use, may shut himself out from the remedy which his facts would give him. He may, indeed, so utterly

misconceive his rights as to make a complaint not at all adapted thereto; so that his offered proofs, (or even his proofs put in without objection,) would require an entirely new complaint to reach them, and then no court can give him judgment.

In the case before us, the assignment to the plaintiffs purports to be of "claims and demands, either for *moneys received or owing*, or *for false and fraudulent representations*, or *deceit*, which I have, &c., by reason of" the transactions between Marvine and Wood. The complaint says that Wood made false and fraudulent representations to Marvine about the moneys paid for joint account, and "by means of such false representations fraudulently and deceitfully obtained" property, &c., from Marvine; and the plaintiffs, (as assignees of Marvine,) "*therefore* demand judgment against the defendant for the sum of $6,559.62, and interest from October, 1848." It would hardly seem that this is a complaint for a mere naked tort in an action claiming damages for the wrong. And unless it be so, necessarily and unavoidably, the ends of substantial justice would require us to disregard the words that charge a wrong.

Yet even this seems not now a necessary ground for sustaining this judgment. What valid objection is there to treating these words, ("fraudulently and by deceit,") as mere inducement, containing a statement of the facts which show that Marvine's payment was not a voluntary one with knowledge of the facts, and that, therefore, he was entitled to sue to recover back the money; and thus anticipating a defence? How, without some such statement, was he to show that it was not a voluntary payment, or that his settlement of the accounts was not final and binding on him? If, to avoid either of those objections, in an action to get back the money paid, he could have proved the actual facts, there can be no objection to his stating them in his complaint.

But conceding that a tort be one of the elements that go to make up this cause of action, it will be found to be assignable. It will be seen to be of that class of torts the right of action

for which would survive to the personal representatives of the claimant; and "the power to assign and to transmit to personal representatives are convertible propositions." (*Zabriskie* v. *Smith, supra.*) And, further, it is, within the decisions both before and since the Code, of a nature that was formerly assignable in equity, and is now assignable at law. In *McKee* v. *Judd,* (2 Kern., 625,) it is held "that demands arising from injuries *strictly personal,* (whether arising from tort or contract,) are not assignable, but that *all others are.*" (3 Kern., 333–335, 336; 15 N. Y., 432.) · And by the Revised Statutes (2 R. S., 447, § 1), "for *wrongs* done to the *property, rights* or *interest* of another, for which an action might be maintained, &c., such action may be brought after the death of the person injured, by his executors or administrators, in the same manner, &c., as actions founded upon contracts. And the exceptions to this broad general rule are contained in the next section, and are confined to injuries to the person or character. In this case, if the action be for the fraud and deceit, it is for a "wrong done to the *property,*" &c., of Marvine; and by the statute could be brought after his death by his personal representatives, and is assignable.

The defendant's counsel claims that the findings of fact by the referees do not sustain the judgment, because they have not found the fraud, which is alleged in the complaint. It is quite true that they have not found the fact of fraud; but as we hold that the action is sustainable without there having been any fraud, and merely as an action for money, which the defendant has no right to retain, the failure to find fraud is no objection to the validity of the judgment, and it is to be affirmed as not being an action for the fraud.

It is proper to note another point taken for the defence: that, as the assignor of the plaintiffs, (Marvine,) had settled the account and receipted it as correct, the right to set aside that settlement, and avoid the effect of it as a substantial release to the defendant, and the right to avoid the effect of fixing the price, by the sealed contract to give $6,000 for one-half of the barque, were personal rights, which Marvine him-

self must assert, and which he could not assign. This is conclusively answered, by holding, as we do, that an account settled, or a release executed, is not the title by which the defendant received, or held the money, but a mere acknowledgment that, the items being true, the balance is correct, or that upon those stated facts the defendant is liable to repay the money: that the contract of purchase of the barque is not avoided, but the undue price is examined, and the excess is to be recovered as money had and received to the use of the plaintiff; and, in suing for the money, it is entirely immaterial, (in our present modes of pleading,) whether the plaintiff anticipates what would be matter of defence, and says in advance that it was so obtained as to be invalid, and no defence, or whether he omits all mention of it, and on the trial, when it is interposed as a defence, proves the fraudulent obtaining of it which makes it void, and no defence. The right of action is not founded on it; and it bears no resemblance to an instrument through which is to be made the title which is to found an action, and which requires to be reformed, or set aside, to obtain that title.

In any view, therefore, the judgment of the Superior Court should be affirmed.

The court did not pass upon the question whether, assuming the action to be for tort, it was of such a character as to be assignable.

Judgment affirmed.