## SHERMAN *vs.* JOHNSON.

Where the defendant sold to the plaintiff, for $177, an account in his own favor, against the government, of $192, for his services as an enrolling officer, upon which only $30 was allowed by the provost marshall on presentation of the account to him; *Held* that even if the defendant supposed, at the time, that he was entitled to the whole sum from the government, it having turned out that he was not, he was bound to refund to the plaintiff the amount which the latter overpaid him for the claim. And that the plaintiff could recover that amount, without applying to the defendant to have the contract rescinded.

*Held, also,* that although the plaintiff, in his complaint, alleged that the statements of the defendant to him were false and fraudulent, still he could recover, if he proved enough to sustain an implied warranty, though no fraud was shown.

The defendant, on selling to the plaintiff an account against the government, represented that he had performed sixty-four days' services as *enrolling officer* and in notifying men, at $3 per day, when in fact he had already been paid for the time spent in *enrolling,* and he had been engaged only ten days in

*notifying* the men, for which latter services $30 only was finally allowed, upon the account. *Held* that the judge, at the trial, was warranted in directing a verdict in favor of the plaintiff, for fraudulent representations, as well as for fraud in the concealment of material facts, by the defendant.

The general rule is, that if a party selling any thing of value willfully misrepresents the true character of it, and thereby defrauds the purchaser, he is responsible for the damage which the latter sustains. Every exception to this rule should be founded upon some strong or clear reason for making it.

The cases of *Tallman* v. *Green* (3 *Sandf.* 442) and *White* v. *Seaver* (25 *Barb.* 235) commented on and distinguished, and their authority declared to be much shaken by the case of *Haight* v. *Hayt* (19 *N. Y. Rep.* 472.)

MOTION for a new trial, upon exceptions taken at the circuit to the rulings of the judge. The cause was tried at the Jefferson county circuit in October, 1864, and the judge ordered a verdict for the plaintiff, which was excepted to; and several exceptions were taken on the part of the defendant to the admission of testimony, and to the charge and refusals to charge by the court, in summing up to the jury.

The material facts appear in the opinion.

*D. C. Colvin,* for the plaintiff.

*D. H. Brown,* for the defendant.

*By the Court,* FOSTER, J. The action was brought to recover $177 and interest thereon from October 12, 1863, it being the amount which the plaintiff had paid the defendant on that day for an account which he then purchased of the defendant; and the complaint alleged that he had been induced to purchase it by means of false and fraudulent representations then made to him by the defendant.

Upon the undisputed evidence in the case, taken without objection, the following facts appeared: The defendant was appointed as an enrolling officer of the government, in May, 1863, and commenced enrolling on the first day of June, at the compensation of $3 per day, and continued

Sherman *v.* Johnson.

the enrollment of men until the 20th day of June, when the business of enrolling was concluded, and after that time no enrolling took place. He was, however, continued as such officer for the purpose of notifying the enrolled persons thereof, which duty was performed by him in the latter part of August and in September, until the 5th, and occupying in all ten days, from its commencement to its conclusion, making in the whole thirty days of actual service of the defendant, in the employ of the government.

On the 22d of September, 1863, the defendant transferred to one Sill an account against the government to the amount of $60, for twenty days' service, and it was specified to be the amount due him for *enrolling*. On the 12th of October, 1863, he applied to a clerk in the provost marshal's office at Watertown, and the pay roll for his services was made out so as to include all the working days, from the time he commenced, on the 1st day of June, to the 5th of September, when the last service was performed, less the twenty days for enrolling, which had been transferred to Sill, and leaving the number of days in the roll at sixty-four, which number of days was inserted in pencil. The defendant on that day took said copy of pay roll to the office of the plaintiff, and wanted to sell it to him. The plaintiff purchased it, and paid him therefor $177, and obtained from the defendant an order, of which the following is a copy:

"Watertown, Oct. 12, 1863.

Mr. F. EVERSON, Provost Marshal: Please pay to Mr. Roswell W. Sherman $192, moneys due me from the government of the United States for services for enrolling and notifying men in the town of Wilna, I having this day sold the same to him.

(Signed) JOHN B. JOHNSON."

Upon presenting this account and order to the provost marshal, he declined to pay for the time more than was act-

ually employed by the defendant, which was ten days, and for which he paid the plaintiff $30. The plaintiff soon after called on the defendant for an adjustment and repayment of the money he had received, and he refused to do anything about it.

I. Upon these facts alone the plaintiff was clearly entitled to recover the amount he had paid to the defendant, with interest, less the $30 which he received from the provost marshall, which was the amount for which the judge ordered a verdict. The defendant had sold him an account in his own favor, against the government, of $192, for $177, and even if the defendant supposed, at the time, that he was entitled to the whole sum from the government, it having turned out that he was not, he is bound to refund to the plaintiff the amount which he overpaid him for the claim. It was not like a sale of property, the value of which the plaintiff could as well determine as the defendant could; but he sold him a professed claim of his own, of a certain amount, and if it was really less than that amount, he was bound to make it good. And although the plaintiff in his complaint alleged that the statements of the defendant to him were false and fraudulent, still he could recover, if he proved enough to sustain an implied warranty, though no fraud was shown. (*Byxbie* v. *Wood*, 24 *N. Y. Rep.* 607, 610.)

II. The testimony also established, and without any conflict, enough to warrant the judge in directing a verdict for the plaintiff for fraud. The plaintiff testified that the defendant came to his office, and said he had been enrolling and notifying in the town of Wilna, and that the government owed him for sixty-four days; he said he had been at work for the government, enrolling and notifying men in the town of Wilna; and that he had served sixty-four days, and they allowed him $3 a day, amounting to $192; and that he had signed his pay roll. The defendant, who was a witness, said: "I went to the plaintiff and asked him

if he was buying claims against the government; he said he was; I told him I had one; he wanted to know for how much; *I told him it was for sixty-four days for services as en-rolling officer,* and notifying men, in the town of Wilna."

Upon the testimony of both parties then, it appears that the defendant represented that he had performed sixty-four days services, when he had been engaged only ten days, and he well knew he had not performed any service for the government between the 20th of June and the 25th of August. He knew he was not a salaried officer, but was paid by the day, and he was bound to know that in such case he was entitled to pay only for the time actually employed. He also knew that he had not spent one moment in enrolling; for that business continued only twenty days, and for that he had received his pay; and yet he sold to the plaintiff an account for *enrolling* and notifying; and he must have known that if the plaintiff had been informed of the true state of the case, he would not have paid him any such amount as he did for his claim. I think the fraudulent misrepresentations were clearly made out. He was also guilty of fraud in the concealment of the above mentioned facts. He was bound, as the party having the knowledge of them, to communicate to the plaintiff, who had no such knowledge, a true statement in regard to the claim. (*Per Denio, J., in Haight* v. *Hayt,* 19 *N. Y. Rep.* 472, 473.) And the plaintiff had a right to rely upon the representations of the defendant, and was not bound to make inquiries at the office of the provost marshal to ascertain whether they were true or false.

In the case of *Tallman* v. *Green,* (3 *Sandf.* 442,) cited by the counsel for the defendant, the representations of the defendant related to a matter in reference to title, of which there was record evidence near at hand. And in *White* v. *Seaver,* (25 *Barb.* 235,) the representations were made in reference to a sale of premises not owned by the defendant, and the plaintiff was informed that the title to the

premises was to be made to him by a third person; and the court held that in such case he should have inquired of the person who was to make the title. Each of these cases have gone quite to the extent of the rule in favor of parties who knowingly and fraudulently attempt to deceive purchasers in regard to property which they are attempting to sell, and I think the rule should not be extended; and neither of these cases is analogous to the one under consideration.

In this case there was no record evidence. It was an account, merely, for the services of the defendant, and he assumed to sell it, and asserted that it was for a certain number of days. It was his own account that he was selling, and not an account or claim of another, through whom the plaintiff was to obtain the transfer of it.

The true *general* rule should be, and is, that if a party, selling anything of value, willfully misrepresents the true character of it, and thereby defrauds the purchaser, he is responsible for the damage which he sustains; and every exception to this rule should be founded upon the same strong or clear reason for making it so. None such appears in this case. The doctrine laid down in *Smith* v. *Countryman*, (4 *Amer. Law Rep.* 102, 106,) is the true general rule, and I think applies to this case, to wit, that the vendor is bound by his acts and declarations, and that the purchaser has a right to rely upon them. And the authority of the cases of *Tallman* v. *Green*, and *White* v. *Seaver*, (*supra*,) is much shaken by the above mentioned case of *Haight* v. *Hayt*.

III. If then a clear cause of action was established by undisputed and unexceptionable proof, it was the duty of the judge to direct a verdict, as he did; and of course it is immaterial what he charged to the jury, before assuming the responsibility of directing a verdict in the case, or what he declined to charge after he had given the direction for a verdict; for there was nothing for the jury to consider, and their only duty was to render a verdict as

Sherman *v.* Johnson.

directed. Nor was it material whether he admitted incompetent evidence, under the defendant's exception, or not, so long as, upon the proper evidence given, the plaintiff was clearly entitled to a verdict. For if the court can see clearly that the rulings of the judge at the circuit could not prejudice the defendant, it cannot disturb the verdict, even upon a bill of exceptions. This has been so often adjudged that it is an established principle.

It is, however, contended that even if the fraud was established, the plaintiff cannot recover, because he did not at once apply to the defendant to have the contract rescinded. It is enough, in reference to this point, to say that the principle alluded to applies only to executory contracts, and has no application here. The defendant sold, and the plaintiff purchased, all his right to the demand against the government, and took an assignment, which vested the claim in him; and he had a right to obtain from the government all that was justly due, and resort to the defendant for the deficiency, upon the same principle which would apply in case it were a sale of a horse, instead of an account, the payment and delivery having taken place, and it should afterwards turn out that the animal was not as represented. In such case the law would allow the purchaser to recover of the defendant the difference between the true value of the property as it was, and what its value would have been, if as represented. And certainly it could not in such case be claimed that the purchaser, the title being vested in him, would have to offer to rescind the sale before he could recover for that difference.

I am therefore of the opinion that the decision of the court below was correct, and that the motion for a new trial should be denied.

Motion denied.

[ONONDAGA GENERAL TERM, October 3, 1865. *Mullin, Morgan, Bacon* and *Foster,* Justices.]