## MASON *vs.* RAPLEY.

Where a purchaser brings an action to recover damages for false and fraudulent representations made by the vendor, on a sale of stock, he assumes to keep the stock, and to allow, for it, what it was actually worth when he bought it ; and his damages are the difference between its real value and the value if it had been as represented. If it was worthless, then the plaintiff is entitled to the whole value, estimated as it was represented to be.

A cause of action for false and fraudulent representations, made by a vendor upon a sale of stock, is assignable.

What representations, made by a vendor, upon a sale of stock in a salt manufacturing company, as to the flow of water from the wells, quality of the salt, market value of the stock, &c., are material, and actionable if false.

Although a vendor is responsible only for the condition of the premises at the time the representations are made by him, or at the time to which they refer, yet evidence of the condition of the property at a time subsequent to the making of the representations is admissible for the purpose of showing that their condition at the time referred to could not have been as represented.

Although it is a general rule that evidence of representations as to the market value of stock, made by a vendor, is not admissible in an action against him for fraudulent representations, yet where the representations relate to the market value of the stock in the city of New York, where stocks have a market value, the evidence is admissible.

Such evidence is also admissible on another ground, viz., to establish by the defendant's admission the market value, with a view to the measure of damages.

APPEAL by the defendant from a judgment entered upon a verdict.

The action was for fraud and deceit in the sale of stock in the Yates County Salt and Petroleum Manufacturing Company, to the plaintiff and other persons who had assigned their rights of action to the plaintiff.

The jury found a verdict for the plaintiff in the sum of $905.87.

*N. Whiting,* for the appellant.

*L. H. Brown,* for the respondent.

*By the Court,* MULLIN, J.   The judge charged, at the circuit, that it was not necessary to prove that the de-

Mason *v.* Raplee.

fendant knew the representations to be false; that if they were shown to be untrue they were fraudulent. This was excepted to, and under a decision of this court at a former general term, the charge was erroneous, and the defendant would be entitled to a new trial. But I do not find that any point is made by the defendant's counsel on this part of the charge: In the first branch of the fourth point, the counsel states the first ground taken by him for a nonsuit, which was that no cause of action was proved, as no demand for the money paid had been shown, and there was no proof that the plaintiff knew any of the representations made to be false. Whether the defendant knew the representations to be false was at that stage of the case a question for the jury, and a refusal to nonsuit was in effect saying the question was not one of law, but of fact, and must be submitted to the jury.

In none of his points, does the counsel allude to the charge under consideration. Under these circumstances, the exception is waived, and we must look to some other of the exceptions for grounds on which to reverse the judgment.

The appellant's counsel treats the action as one brought to recover the money paid for the stock, thereby treating the contract as rescinded, or as no longer operative, because of fraudulent representations of the defendant by reason of which the plaintiff and his assignors were induced to enter into it.

In this the counsel is mistaken. The action is brought to recover damages sustained by the plaintiff and his assignors by reason of the false and fraudulent representations made by the defendant on making the contract for the sale of the stock.

In this action the plaintiff assumes to keep the stock, and allow for what it was actually worth, when he bought it; and his damages would be the difference between its real value and the value of it had it been as

represented. If it was worthless, then of course the plaintiff would be entitled to the whole value, estimated as it was represented to be.

The defendant represented the value of the stock to be $10 per share. This was his own estimate of value, and the jury gave much less; so that the plaintiff has not received as much as, upon the evidence, he was entiled to.

The case of *Byxbie* v. *Wood*, (24 *N. Y.* 607), followed by this court in *Lane* v. *Wilcox*, (55 *Barb.* 615), is conclusive as to the assignability of the causes of action.

The next question is, were the representations, proved to have been made by the defendant, actionable?

If they were mere matters of opinion, or if they were such as every vendor may make, and which no vendee relies upon, they are not actionable, and the ruling upon that question was erroneous.

The representations to the plaintiff were, that there was a salt well at Dundee, bored to the depth of 300 or 400 feet, at which depth the water flowed spontaneously the full size of the aperture of the well; that they had tried and found it inexhaustible; that they had a block of forty kettles, and it was a paying thing; that they had there erected a large building on the premises, for manufacturing salt, and could buy wood for $2 less than at Syracuse; that the water of the well produced better and finer salt that was produced at Syracuse; they were then erecting a large building for the manufacture of salt; they had one engine, and were going to have another.

The representations as to price of wood, and the quality of the salt made from the well at Dundee, compared with that made at Syracuse, and the putting up of engines, and the number of kettles in the block, and that it was a good thing, are not charged in the complaint. But the admission of the evidence as to these representations was not objected to on this ground, at any stage of the case; nor is that objection now insisted upon. We are

Mason *v.* Raplee.

bound to consider them, under these circumstances, as if they had been alleged, having been proved without objection.

But if they were excluded, the representations charged and proved are material, and if false, entitle the plaintiff to recover.

It may be that the representation as to the continuance of the flow of the water was matter of opinion, in one aspect of the case. If by the language the defendant intended to say that it would continue to flow on forever, it was opinion merely; but if he intended to say that the supply of water was such that the well could not by pumping be exhausted, it was not matter of opinion, but the assertion of a fact most material to the value of the stock. There is no room, it seems to me, for two opinions as to the materiality of the representations alleged and proved.

Were they proved to be false by competent legal evidence? The first evidence offered, as to the falsity of the representations, was that of the plaintiff. He testified that he went to the well in October, 1866, and he was then asked what he found on the premises. This question was objected to, as it called for the condition of the premises two years after the purchase of the stock. The objection was overruled, and the witness was permitted to testify.

The defendant was responsible only for the condition of the premises, at the time the representations were made, or at the time to which they refer. But evidence of their condition at a time subsequent, may be such as to show their condition at a much earlier day. For example, had the allegation been that there was a well there in 1864, and it was proved that in 1866 there was no well on the premises, nor any trace of a well, it would be competent to go to the jury on the question whether there could have been, consistently with that evidence, a well there in 1864. To justify the jury in

finding the falsity of the representation upon evidence of the condition at a subsequent time, the evidence must be such as to render it incredible that the fact alleged could be true, at the time to which the representation referred.

Evidence, then, of the condition at a time subsequent to the representation is admissible, and it is for the jury, under proper instruction, to determine what weight shall be given to it.

Such evidence must be received, or there will be, in many instances, a failure of justice. If no evidence can be received except such as relates to the condition of the premises, at the time to which the representations refer, men would cheat with impunity. A man owning lands in Iowa represents, during a negotiation for a sale or exchange of them, that they are well timbered, situated near a railroad, or stream, and on the strength of these representations, the bargain is concluded. It might well be impossible to find any person who had been on the premises, before the trade, but it can be proved that, two years thereafter, there was not a tree, or a vestige of a tree, on the land, and that there was neither railroad nor stream within miles of it. Can the vendor escape, because no one can be found who had seen it before the bargain was made? The subsequent condition, in the case supposed, is evidence that there could not have been timber on the land two years before, and that neither railroad nor stream could have been near it.

It is insisted, that evidence of the market value of the stock was not admissible. As a general rule, such evidence is not admissible. But the rule has no application to a case like this. The market value referred to, was the value in the New York market. The defendant had just come from there, when the representation was made. It was a representation, then, of a material fact in regard to a matter previously within his knowledge,

and on which the plaintiff 'had a right to rely. It is within the principle applied in the case of *Smith* v. *Countryman*, 30 *N. Y.* 655.)

Had the defendant represented the value of the stock, at Carthage, it would have come within the principle relied on by the counsel. But the representation did not relate to its value at Carthage, but at a place where there is a constant market for stocks, and where alone, perhaps, it can be said stocks have a market value.

I think the evidence was admissible on another ground, viz., to establish, by the defendant's admission, the market value, with a view to the measure of damages.

If the causes of action in favor of the several persons defrauded were assignable, then several negotiations and conversations, as to the condition of the premises and the value of the stock, were most clearly competent. And again, when the question is as to the intent with which an act was done, or declaration made, it is always competent to show, that at or about the time of the principal act, the person charged did similar wrongful acts, or made similar untrue declarations, under circumstances manifesting a fraudulent, or criminal intent.

If I am right as to the nature of the action, all the appellant's grounds for a nonsuit are of no avail. They could only be insisted on in an action for the money paid, after a rescission, or disaffirmance of the contract.

The evidence as to the quality of the salt made at the Dundee well, at any time, was wholly immaterial. The plaintiff had given no evidence that the representation on that subject was untrue, and hence the defendant was not called upon to give evidence, in regard to it.

If the defendant was agent of some private individual or corporation, he was personally liable for fraudulent representations made by him.

No question was made, on the trial, as to the measure of damages. The plaintiff claimed to recover the money paid, and no more. The only evidence of the market

value of the stock, if the well was as represented, was the defendant's own statement; and whether the stock was really of any value was not discussed or considered.   It seemed to be assumed to be of no value.

I think the defendant's counsel tried the case on the theory that the contract had been disaffirmed, and the action was to recover the consideration paid.   Such is not the complaint.   What the plaintiff understood the grounds of the action to be, I do not know, except from his complaint.   He did not, on the trial, disclose whether he entertained any other view of it than that set forth in the complaint.

I did not stop to inquire what the particular form of action was.   I disposed of the case on the evidence, without regard to the pleadings.

I am unable to discern any ground for reversing the judgment.

Judgment affirmed.

MORGAN, J., dissented.

[ONONDAGA GENERAL TERM, June 1, 1869.   Bacon, Foster, Mullin and Morgan, Justices.]