By the Court :

Freedman, J.
The complaint sets forth two contracts between the parties for the purchase of 400,000 pounds of ingot copper and several supplemental agreements, whereby the defendants undertook to advance the purchase-money, to store the copper and carry the same, as it is usually called, at the option and for account of plaintiff and subject to his order, charging him therefor the usual and customary expenses for storage, insurance, and interest on the money advanced; that from time to time defendants reported to plaintiff progress in the performance of the various agreements on their part, and that upon the faith of each successive report plaintiff paid to defendants certain moneys, amounting in the aggregate to $25,000, towards the performance of said agreements on his part; that all the representations made by the defendants from time to time as to performance on their part were untrue and made with intent to deceive and defraud plaintiff; that defendants did not perform the contracts or any of the agreements on their part; that before the commencement of the action, upon discovering the false and fraudulent acts and representations of the defendants, the plaintiff duly demanded of them the repayment of the several sums of money paid by *513 him on account, but that they refused. Plaintiff prays judgment for the return of the $25,000 paid by him.
The defendants, by their answer, deny the fraud and misrepresentations charged, and set up full performance on their part (an agreement by plaintiff to maintain in their hands a margin of four cents per pound), non-performance on the part of the plaintiff, a sale of the copper for plaintiff’s account upon due notice to him, and, as a counter-claim, a balance of $1,031.07 due from plaintiff to defendants on account of moneys advanced, expenses incurred, commissions, insurance, and interest, for which they demand an affirmative judgment against the plaintiff.
The plaintiff, by his reply, puts in issue all the material facts relied upon as constituting the said counter-claim.
Upon the hearing of the motion for a reference, founded upon affidavits, the pleadings, and the defendants’ bill of particulars, the learned judge at Special Term found, as matter of fact, that the trial of the issues necessarily raised by the pleadings involved the examination of a long account within the meaning of section 271 of the Code, and thereupon granted plaintiff’s motion for a reference of all the issues to hear and determine the same. According to the decision of the case of Batchelor v. The Albany City Insurance Company (6 Abb., N. S., 241; 37 How., 399), this determination of the Special Term will be held final and conclusive, especially as it has been the law of this court almost since the adoption of the Code that a reference may be ordered in an action sounding in tort, where the trial of the issues of fact will require the examination of a long account (Sheldon v. Wood, 3 Sandf., 739). The case last cited was decided with the concurrence of the entire court.
The appellants have argued, however, that even if section 271 of the Code can be construed to authorize the compulsory reference of all the issues in an action sounding in tort, in which any one of the issues does involve the examination of a long account, such construction would render the said section unconstitutional and void, as contravening article 1, section 2 of the Constitution of 1846, which provides : “ The trial by jury, *514 in all cases in which, it has been heretofore used, shall remain inviolate forever. But a jury trial may be waived by the parties in all civil cases, in the manner to be prescribed by law.” This point was not raised in the cases above named. It is now advanced, as I believe, for the first time in this court, but in my judgment does not necessarily enter into the decision of this case. The complaint is not a complaint for a mere naked tort in an action in which damages for the wrong are sought to be recovered, but it contains a statement of facts which show that plaintiff’s payments were not voluntary ones with knowledge of the facts, and that, for this reason, he is entitled to recover back the amount paid. This state of facts, according to the decision of the Court of Appeals in Byxbie v.Wood (24 N. Y., 610), does not necessarily require an action to be brought for the tort, even if it allows one to be so brought. Such facts always raise in law the implied promise which was the contract cause of action in indebitatus assumpsit for money had and received. Under the Code this implied, promise is treated as a fiction, and the facts (out of which the prior law raised the promise) are to be stated without any designation of a form of action, and the law gives such judgment as, being asked for, is appropriate to the facts. If the plaintiff in the case at bar shall show, as he may do under his complaint, that the defendants never entered upon a performance, and that in consequence he demanded back his money, which was refused, the allegations of fraud, pleaded as matter of aggravation, do not affect the main issue.
It will also be seen that the issue, the trial of which requires the examination of a long account, has been raised and''forced into the case by the appellants.
The case, therefore, is not one which calls upon this court to adjudge an act of the legislature void in which the bench and bar have acquiesced for over twenty years.
The order should be affirmed, with costs.