McCunn, J.
This action was brought to recover the amount of a promissory note for two thousand dollars, made by the defendant, to the order of one John Graham, dated September 1, 1866, at New York, payable six months after date, and held by the plaintiff.
The answer admits the making of the note, but alleges that it was made for the accommodation of said Graham, and loaned to him September 4, 1866, for the *143 purpose of its being discounted by the First National Bank of Norfolk.
At the trial, the plaintiff testified, that James Graham came to his office, in Philadelphia, September 10, 1866, with defendant’s note, for two thousand dollars, which he said Mr. Cole, president of the First National Bank of Norfolk, had agreed to discount, and he was going to mail it to the bank and wanted to draw for the proceeds, and desired him to cash the drafts.
The plaintiff asked what the net amount would be ; Graham made a calculation at one thousand nine hundred and twenty dollars; that Graham then (sitting at plaintiff’s desk) drew his draft for one thousand nine hundred and twenty dollars on said bank, in favor of plaintiff, which plaintiff cashed. Graham then indorsed said note and mailed it (in letter which plaintiff saw him write) for discount, and .advised the bank he had on that day drawn on them for one thousand nine hundred and twenty dollars.
Plaintiff further testified, he advanced this money on the proceeds of said note, and defendant was represented to him to be rich, while Graham was not. That he never saw Graham afterwards. The draft was returned protested, and he subsequently received it from Graham and Aitken. He was told by Mrs. James Graham that William Graham had it. He, being notified by plaintiff that he advanced one thousand nine hundred and twenty dollars on the note, returned it to him, and that he has since had possession of it. On this state of facts plaintiff rested.
The learned justice below dismissed the complaint for want of proper parties being made defendants.
We think this should not have been done. If the complaint shows a nonjoinder of defendants, a demurrer is the appropriate remedy. If the defect does not appear on the face of the complaint, the defendants must set it up in their answer, and if no such objections be *144 taken either by way of demurrer or answer then the objections to nonjoinder or to improper parties must be deemed waived. Sections 144 and 145 of the Code were intended to meet just such cases as this. This was the doctrine laid down in Zabriskie v. Smith, 13 N. Y. [3 Kern.], 322 ; Bixby v. Wood, 24 N. Y., 607; and a large number of other cases. Indeed, it is now a very familiar doctrine. It is also well settled, that an objection of parties cannot be taken for the first time on the trial. If the court finds that the controversy cannot be ended without other parties being brought in, either as plaintiffs or defendants, it is the bounden duty of the court and of its own motion to bring them in. It cannot nonsuit. It may, upon terms, grant time to eliable the parties if surprised to meet the emergency and prepare for the changed order of things; but this is all (Shaver v. Brainard, 29 Barb. 25). This rule has also been made familiar by the numerous cases in the books, in support of the principle.
In this case, however, we think there was not a defect of parties.
The testimony of Rhodes shows that he advanced one thousand nine hundred and twenty dollars on the note, the full value, less discount at eight per cent., which the bank was to charge. Had he advanced one thousand nine hundred and thirty dollars, the question involved here would not have arisen, as that amount with interest was equal to the face of the note. J ames Graham could have had no interest on the failure of the bank to discount the note; because the answer avers and the receipt shows the note was loaned to him without consideration ; that being the case, he had no actionable interest. The only person who could have any interest was the party who advanced money on the note in good faith.
The principle as to parties here does not differ from *145 one where a note is put in circulation in fraud of the rights of the maker. A party buying such note can only recover what he has advanced, and the party who circulated it is not a necessary party to the action. James Graham was not an indispensable party, and therefore the court should have allowed the case to proceed in justice to plaintiff’s rights, because the same judgments could have been had against the defendant had Graham been a party. And there would have been a determination of the controversy without him. There was no demand of relief against him.
In Sheldon v. Wood (supra), it was.,held that where no objection has been made by the defendant to the non-joinder of a party, having a supposed interest in a suit, the court is not bound under section 122 to summon such party, unless the facts of the case show that his rights will be prejudiced by the determination of the cause in his absence. And new parties cannot be brought in against the will of the plaintiff, unless their presence is necessary to the determination of the action.
But apart from the question we have discussed above, we hold that the plaintiff was in law a tona fide purchaser and holder of the note; and therefore entitled to recover. He advanced one thousand nine hundred and twenty dollars on the note before maturity. From that moment plaintiff was entitled to the note, or its avails, whether the bank discounted it or not. The pledge of the proceeds by the draft transaction carried with it a pledge of the note. It was held in Curtis v. Deavitt (15 N. Y. 195), that a party who advances money on the credit of a pledge of a bond or note, is a tona fide purchaser for value (see pages 195 and 196, and cases there cited). It matters not whether there was an actual delivery of the note ; its proceeds constituted the only thing of value, and these were pledged.
*146 As to the excess of ten dollars over seven per cent., no usury is set up in the answer, therefore that question is not before us.
The judgment should be reversed and a new trial ordered.