## FLANNERY v. GEIGER.

(Supreme Court, Appellate Term. March 21, 1905.)

1. ATTORNEY'S SERVICES—ACTIONS—NATURE AND FORM—JURISDICTION.

Plaintiff contracted with the owner of certain premises to take necessary proceedings to recover damages from a city for the taking of land and buildings in street-opening proceedings, in consideration of an assignment of 8 per cent. of the damages recovered. On payment of such damages to a grantee of the property, plaintiff sued such grantee to recover the amount due under the contract. *Held*, that such action was not one to enforce an attorney's lien created by Code Civ. Proc. § 66, but was an action for money had and received to plaintiff's use under the contract, and was therefore within the jurisdiction of the Municipal Court.

**2. SAME—LIEN.**

Though plaintiff had a lien on the award under such section, which followed the same into the hands of the grantee of the property, plaintiff was entitled to sue on his contract of retainer as for money had and received.

**3. SAME—NOTICE OF LIEN.**

Where an owner of certain real estate contracted with plaintiff and another attorney to pay and assign to them 8 per cent. of the damages recovered for the taking of the land in street-opening proceedings, a grantee of the premises, to whom such damages were subsequently paid, was bound to take notice of the attorneys' claim, without actual notice thereof from them.

**4. SAME—ASSIGNMENT.**

Such contract operated as an assignment to plaintiff of 8 per cent. of the award, so that, when the grantee accepted an assignment of the grantor's rights in the award, he took the same subject and subordinate to the prior assignment to plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Joseph A. Flannery against Henry Geiger. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Arthur A. Brown, for appellant.
Joseph A. Flannery, in pro. per.

BLANCHARD, J. This action was brought by an attorney at law to recover compensation for professional services under a written contract of retainer in terms as follows:

"66 Broadway, New York, June 10th, 1897.

"I hereby retain Edward H. Hawke, Jr. and Joseph A. Flannery, attorneys at law to take the necessary proceedings to recover damages from the City of New York, by reason of the taking of my land and buildings for opening above named street and for their services and expenses agreed to pay and assign to said attorneys eight (8) per cent. of whatever may be recovered on account of said damages, said per cent. to cover all fees and expenses of every kind whatsoever including expert witnesses' fees, surveyors and stenographer's fees and not to be paid until the award for damages is payable.

"Michael Cook."

The pleadings were oral, and the complaint was for work, labor, and services, and for money had and received. The answer was a general denial. The trial resulted in a judgment in plaintiff's favor, and from this judgment the defendant appeals.

The essential facts are as follows: After the contract above set forth was entered into, the plaintiff performed the services required of him by its terms. The title to the lands of Cook mentioned in the contract became vested in the city for street purposes on December 24, 1897. On February 27, 1903, Cook executed and delivered a deed of the land to the defendant, Geiger, and also assigned to him any award then made or thereafter to be made to him by the city for the taking of the land for public use. In a preliminary report made by the commissioners of estimate and assessment, an award for the taking of the land in question was made to Cook. In

the final report of the commissioners, confirmed by the court, and filed June 4, 1903, the name of Cook was scratched out, in red ink, and the name of Henry Geiger inserted thereunder, and an award made to him of $2,573 for the said land. On October 26, 1903, the city paid this award to the defendant, with interest—in all, amounting to $3,474.40. The plaintiff then brought this action to recover the 8 per cent. of this amount under his contract of retainer. The appellant contends that this is an action to enforce a lien given to an attorney under section 66 of the Code of Civil Procedure, and therefore not within the jurisdiction of the Municipal Court. This is an erroneous view of the nature of the action. While the plaintiff has a lien on the award, under the statute, which followed the award into the hands of the defendant, and may be recovered from him (Peri v. N. Y. Central R. Co., 152 N. Y. 521, 46 N. E. 849), the plaintiff had the right to sue upon his contract of retainer as for money had and received by defendant for his use (Byxbie v. Wood, 24 N. Y. 607, 610). The plaintiff, by the terms of his contract, had an absolute right to 8 per cent. of the award; and, by virtue of his attorney's lien, the defendant was bound to take notice of his claim as attorney in the street opening proceedings, without actual notice thereof from the plaintiff. Peri v. N. Y. Central R. Co., supra. The contract of retainer operated as an assignment to the plaintiff by Cook of 8 per cent. of the award, and, when the defendant later took from Cook the assignment of the award, his rights were subject and subordinate to the prior assignment to the plaintiff. Fairbanks v. Sargent, 104 N. Y. 108, 9 N. E. 870, 6 L. R. A. 475, 58 Am. Rep. 490. When the defendant collected the whole of the award, he got possession of money belonging to plaintiff, which became immediately due to the latter on demand. See Byxbie v. Wood, supra.

All the points urged in the very able brief of the appellant's counsel have been fully considered, but our conclusion is that the judgment is fully sustained by the facts proved at the trial, and the law applicable thereto.

The judgment should be affirmed, with costs. All concur.