## ROBERT WINN v. WILLIAM C. DILLON.

W. made a contract with D., by which he (W.) agreed to give D. $200 in consideration that D. would furnish W. with numbers and information of certain specified lands, which he desired to enter; and after D. had furnished the numbers of the land to W., he employed an agent at Jackson to enter the land in his name, the numbers of which he (W.) had received from D.; but before the agent of W. had an opportunity to enter the land, after making several applications for that purpose, he (D.) proposed to the agent to enter the land for W., and before W.'s agent could enter the land, D. went to the office and entered the land in his own name, which he afterwards claimed as his own property: — *Held*, that W. was indebted to D. in the sum agreed to be paid him for the information furnished in regard to the lands, and D. was under an obligation to do no act to deprive him of the benefit of the information imparted.

W. having engaged the services of D. to give him (W.) information in regard to the land, this created the relation of private trust and confidence between them, which disabled D. from doing any act, or acquiring any interest in the property, adverse to the interest of W.

After D. imparted the information to W., he was not bound to do any further act in aid of W.'s purpose, but he was also bound to do no act in violation of it, especially for his own benefit: — *Held*, that the land so acquired by D. must be held in trust for the benefit of W.

ON appeal from the northern district chancery court at Carrollton; Hon. Henry Dickinson, vice-chancellor.

The opinion of the court contains a statement of the facts of the case.

*Glenn*, for appellant,

Cited and commented on 1 Story, Eq. 307, 308; *Murphy* v. *Sloan*, 24 Miss.; *Nelson* v. *Sims*, 23 Ib. 383.

Winn *v.* Dillon.

*Sheppard,* for appellee,
Cited in reply Acts of Legislature 1852, p. 47.

Mr. Justice HANDY delivered the opinion of the court.

The appellant filed this bill in the district chancery court at Carrollton, setting forth the following facts.

That in the year 1852, he entered into a contract with William C. Dillon, the appellee, by which Dillon agreed, in consideration of the sum of $200, to be paid to him at Jackson by the 18th of November, 1852, to furnish the appellant information to enable him to enter one thousand acres of swamp lands belonging to the State, and subject to entry under an act of the legislature; and accordingly, that Dillon furnished to the appellant the numbers of certain specified lands, at which time it was agreed that the appellant should enter the lands furnished for his own use; that the appellant then made an arrangement with an agent at Jackson to advance the money, and thereby enter the land for him, and also to pay Dillon the sum of $200, according to his contract; that the agent called repeatedly upon the secretary of State, whose duty it was to attend to the entry of such lands on the part of the State, inquired if the lands specified were subject to entry, and stated his wish to enter them, he being then prepared to enter them; but that the secretary always told him that he was unable to inform him, as the entries on the books of the office were not fully made up, whether the lands were subject to entry, and that he could not then permit them to be entered; and at the first of these interviews the agent handed to the secretary a letter from the appellant, showing the lands and desiring to enter them, and requested the secretary to retain it as a memorandum of the lands which the agent desired to enter for the appellant; that in this state of the business, the agent called on Dillon, who had come to Jackson and who inquired of the agent whether he had been authorized to enter the lands for the appellant, and the agent replied that he had, and informed him of what had passed between him and the secretary, and that he intended to enter the lands so soon as it could be done. Dillon then said that he was afraid that Winn would lose the lands, as many

persons were anxious to enter them, and that he would enter them for him; to which the agent replied that this was unnecessary, as he had the money to enter them for the appellant. Dillon insisted on being permitted to enter the land for Winn; afterwards the agent called again on the secretary on the same day to enter the land, and received the same answer as previously; on the day when the entry was made, Dillon met the agent and informed him that he had entered the lands that morning in his own name; the agent then offered to pay him the full amount paid by him for the land, and the $200 agreed to be paid to him by Winn, which he declined, and said he intended to hold the lands for himself. The bill tenders the money paid for the lands and the $200, with interest on both sums, and prays that Dillon be decreed to convey the lands to the appellant, upon the payment of the money.

To this the defendant filed a demurrer, which was sustained, and the bill dismissed; from which decree this appeal is taken.

The question for decision is, whether the facts set forth in the original and amended bills show such a breach of confidence, or violation of contract on the part of the appellee, as will vitiate his title to the lands, and entitle the appellant to a conveyance of them.

It appears that Dillon, in consideration of a certain sum of money to be paid to him by Winn by a stipulated time, agreed to furnish Winn with the numbers and location of certain public lands belonging to the State, and subject to entry, to the end that Winn might enter them; and that Winn was induced to enter into the agreement by the representations of Dillon that he was well acquainted with the State lands, and able to give valuable information to enable Winn to make advantageous entries. In pursuance of the contract, Dillon furnished the numbers of the lands, and it was then understood that Winn was to enter them, according to the information furnished, and for his own benefit.

Under this contract, and the acts of the parties in pursuance of it, Winn was indebted to Dillon in the sum agreed to be paid for the information furnished in regard to the lands, and Dillon was under an obligation to do no act to deprive him of

the benefit of the information. Winn's object was to enter the lands; he had engaged the services of Dillon to that end, and this created the relation of private trust and confidence between them, which disabled Dillon from doing any act, or acquiring any interest in the property, adverse to the interest of Winn. Story on Agency, § 211. He could not make a profit or derive an advantage in the matter by his knowledge, because he had contracted for a compensation to give Winn the benefit of that, and it was a palpable act of violation of that agreement and of bad faith for him to use his information to the injury of the right in Winn which he had undertaken to aid and perfect.

Nor did this obligation on the part of Dillon cease when he imparted the information to Winn under which he was to acquire the lands. It is true that Dillon was not required to do any further act in aid of Winn's purpose; but he was also bound to do no act in violation of it, especially for his own benefit. This not only results from the nature of the contract, but from the agreement which the bill alleges was made at the time the information was furnished by Dillon, that Winn should enter the lands as furnished by Dillon, in his own name and to his own use.

The facts stated in the bill show not only bad faith on the part of the appellee, but a breach of the plain spirit of the contract entered into between him and the appellant. And the well-established principles of equity prevent a party from reaping the fruits of such an advantage, and declare that the property so acquired must be held in trust for the benefit of the party justly entitled to it.

The principles governing this case are fully settled in the case of *Murphy* v. *Sloan*, 24 Miss. 658, in which the property was declared to be held in trust under circumstances much less strong than in this case.

The decree is reversed, the demurrer overruled, and the cause remanded, and the defendant required to answer within sixty days.