## WYLLY v. GRIGSBY.

The grantee of mortgaged land conveyed it to C., for the former's use and benefit, and afterwards obtained from the mortgagee's agent a certificate of satisfaction executed by the mortgagee, which the agent had procured by fraud. After the mortgagee demanded of such grantee a return of the certificate, the latter delivered it to C., who had it recorded. *Held*, that an action of conversion against such grantee would not lie, since the mortgagee's right to foreclose was not affected.

(Opinion filed May 6, 1897.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action for the conversion of a certificate of satisfaction of a mortgage. Plaintiff had judgment and defendant appeals. Reversed.

The facts are stated in the opinion.

*Wm. A. Wilkes* and *Davis, Lyon & Gates*, for appellant.

The complaint did not state facts sufficient to constitute a cause of action. Whipple v. Fowler (Neb.), 60 N. W. 15. The presumption is that the note is worth its face without the mort-

gage, and as the contrary was not alleged, no proof could properly be admitted.　Sedgw. Damages, 610; Mowry v. Wood, 12 Wis. 413; Livermore v. Maxwell, 55 N. W. 37.

*Boyce & Boyce*, for respondent.

Whenever the defendant is in possession of property of the plaintiff, and uses it in a manner forbidden by the owner and damage ensues, the defendant is guilty of conversion.　Collins v. Brandt, 46 N. Y. 193; Kearney v. Clutton, 56 N. W. 419.

HANEY, J.　It is alleged in the complaint that plaintiff is the owner of a promissory note for $600, dated February 1, 1887, due February 1, 1892, with interest at 7 per cent per annum until paid, secured by a mortgage upon real property in this state; that it was given for a loan negotiated through one Day and the defendant, who, when the loan was made, took a second mortgage on the same realty, in the name of Day, to secure their commissions for making the loan; that both mortgages were duly recorded; that the second mortgage was foreclosed, and a sheriff's deed was issued to Day November 22, 1889; that Day and defendant have since then been, and are now, the owners of the equity of redemption in said land; that on April 20, 1893, the plaintiff, in ignorance of said foreclosure, or that Day or defendant were the owners of the equity of redemption in said land, and relying upon the representations of Day that the loan was about to be repaid to her, and that a certificate of satisfaction was necessary to release her mortgage, delivered a certificate of satisfaction to Day, duly acknowledged, to be surrendered by him only upon repayment of the aforesaid loan and all interest therein; that the certificate was delivered by Day to defendant, together with a deed of the mortgaged premises from Day, under which deed defendant, through one Chapman, the grantee therein, on September 19, 1893, caused said land to be conveyed to one Carpenter, for his (defendant's) own use and benefit; that, after the certificate was delivered by Day to defendant, the plaintiff, on August 15,

1893, notified defendant of her ownership of the same, and of the note and mortgage described therein, and that Day was no longer authorized to act for her or to receive payment of the loan, and requested a return of the certificate; that afterwards, on August 28th of the same year, while the same was still in possession and control of defendant, plaintiff again demanded a return of the certificate, and forbade defendant to use it or to dispose of it, but that defendant refused to surrender or return it; that subsequently defendant delivered it to Carpenter, without authority and against the will of plaintiff, and permitted it to be recorded in the county wherein the land is located; that when so delivered to Carpenter, it was of the value of $1,058.29; that defendant has wrongfully converted the same to his own use; that, to protect her interests in the property, the plaintiff has paid certain taxes; that, prior to the commencement of the action, she demanded of defendant the amount due on the note, with interest, together with the amount of taxes paid as aforesaid, which defendant refused, and still refuses, to pay, and that she has been damaged in the sum of $1,250.

Upon the trial, defendant objected to the introduction of any evidence, upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The court should have sustained this objection. The language of the pleading is plain. It must be construed to mean that the mortgaged premises are held by Carpenter for defendant's use and benefit; that defendant is the real owner of the land. If so, his unauthorized act has caused no injury to the plaintiff. Her right to foreclose the mortgage is not affected. Her security is precisely the same as it would have been had the certificate of satisfaction never been executed. Whipple v. Fowler (Neb.) 60 N. W. 15. The judgment is reversed and a new trial ordered.