### BROOKINGS LAND, AND TRUST CO. v. BERTNESS *et ux.*

Plaintiff commenced negotiations with the owner of land for its purchase,
but left them with B. to act as his agent, agreeing to pay him a com-
mission if he could purchase if for plaintiff for a price not above $18 per
acre.   He could not get it for that price, and, without reporting to
plaintiff, purchased it for himself for a slightly greater price, taking
the deed in his wife's name.   Held, that by reason of B.'s confidential
relations a trust arose, enforcement of which is not prevented by the
statute of frauds, plaintiff having tendered the price paid and the
commission.

(Opinion filed July 22, 1903.)

Appeal from circuit court, Brookings county. Hon. JULIAN BENNETT, Judge.

Action by the Brookings Land and Trust Company against Theman J. Bertness and wife. Judgment for plaintiff. Defendants appeal. Affirmed.

*Olaf Eidem* and *Alexander & Hooker,* for appellants.

In order that the doctrine of trusts, *exmaleficio,* with respect to land, may be enforced, under any circumstances there must be something more than a mere verbal promise (to purchase and convey the land) however unequivocal; otherwise the Statute of Frauds would be virtually abrogated, there must be an element of positive fraud accompanying the promise and by means of which the acquisition of the property is wrongfully consummated. 2 Pomeroy Equity. Jrp. Sec. 1056; Burden v. Sherden 36 Iowa 125; Watson v. Erbe 33 Ohio St. 35; Levy v. Brush 45 N. Y. 589; Bartlett v. Pickersgill 4th East 557; Balloch v. Hooper 6 Mackay D. C. 42, Allen v. Richards 83 Mo. 55; Wolford v. Harrington 86 Pa. St. 39; Story Eq. Jur., § 1201; Perry on Trusts, Art. 135; Sugden Venders and Purchasers § 15; Bisphim's Eq. § 80, 15 Am. & Eng. Enc. of Law 1187; Bourke v. Callahan 35 N E. 460; Maizza v. Yerger, 53 Miss. 135; Whiting v. Dyer, 43, Atl. Rep. 181; Nash v. Jones, 24 S. E. Rep. 592; Hodgson v. Fowler, 43 Pac. 462; Bank v. Bissel, 4 Fed. Rep. 694; Emmerson v. Gallop, 33 N. E. 1118; Bailey v. Hemenway 17 N. E 542; Collins v. Sullivan, 135 Mass. 326; Hackney v. Butts, 41 Ark. 393; Fawke v. Slaughter, 3 A. K. Marsh (Ky.) 56; Seymore v. Cushaway, 76 N. W. 769, Wis.; Dunn v. Schneider, 20 Wis. 509; Lawson v. Lawson, 7 N. E. 84 Ills.; Conant v. Risborough, 28 N. E. 789 Ills.; McLane v. Boutell, 76 N. W. 75 Mich,;

Burden v. Sheriden, 14 Am. Rep. 505, 36 Ia. 125; Walter v. Klock, 55 Ills , 362; Irwin v. Ivers, 7 Ind. 308, 63 Am. Dec. 420.

A refusal to perform a parol agreement creating a trust, and a denial of its existence does not constitute a fraud, so as to authorize transactions under the agreement alleged herein to be treated as constituting a constructive trust. Dunn. v. Zwilling, 62 N. W. 74, Iowa; McLain v. McLain, 10 N. W. 333, Iowa.

Proof to establish a resulting trust must be clear and satisfactory and show that the trust results at the instant the title to the property, in relation to which the trust is claimed, vests in the grantee. Morrooney v. Morrooney, 66 N. W. 911 Iowa; Wentworth v. Wentworth, 2 Minn. 238 (Gil.) .

The proof in this case is inconsistent with the existence of any agency entailing consequences such as are defined ·in the case of Luscombe v. Grigsby, 11 S. D. 408, Evans Prin. & Agent; Bourke v. Callahan, 35 N. E. 460; Walton · v. Dore, 84 N. W. 938. ·

The plaintiff does not come into court with clean .hands. Through its officers it had notice of the confidential and fiduciary relations between the defendant and the owner of the lands and was therefore a party to a fraudulent scheme to take improper advantage of those relations. Pomeroy Eq. Juris, § 401; Ins. Co. v. Ins. Co., 14 N. Y. 85; Uhlig v. Garrison, 2 N. W. 257; Peck v. Levinger, 50 N. W. 481; Green v. Peeso 66 N. W. 53 Iowa; Janson v.. Williams 55 N. W. 279 Neb; Pomeroy on Eq. Jrp. Sec. 959; Webb v. Paxton 32 N. W. 744.      . ·'

*Hall & Roddle* and *Cheever & Cheever*, for respondent.

The contract between the parties was one ·which could have been established entirely by parol and valid under the

Statute of Frauds and the defendant could not by fraud and perfidy on his part so conduct and pervert the transaction as to transform it into a contract which could be shown by parol. The defendant could not profit by his wrong-doing nor could he interpose the Statute of Frauds as an instrument of fraud. 2 Warvelle on Vendors, Sec. 584 and numerous cases cited in note 17; Foote v. Calvin, 3 Johns, 216; Jackson v. Matsdorf, 11 Johns 91; Ryan v. Dox, 34, N. Y. 307; Bispham on Eq. Sec. 386; 2 Jones on Evidence Sec. 434; Jones on Evidence, 84; Brown v. Freeland, 34 Miss 185.

In any event sufficient of this transaction is in writing and subscribed by the parties to take it out of the rule of the statute.   Osborne v. Stringham 57 N. W. 776;  Lyles v. Lescher, 108 Ind. 382; Buford v. Lonergan, 22 Pac. Rep. 164; Erwin App., 9 Cent 678; Thomas v. Loose, 5 Cent 190.

It was not within the contemplation of the parties that the defendant should pay any part of the consideration and when he did so it was not in pursuance of but in direct violation of the agreement.   Even if the defendant had agreed to advance the money it would be considered a loan and the trust could be shown by parol.   Rose v. Hayden 10 Pac. 554; Jenkins v. Eldridge 3 Story 290; 1 Enc. of Law, (2nd Ed) 1084;  Kendall v. Mann, 11 Allen 19; Sandfoss v. Jones, 35 Cal. 481; Hellman v. Mesmer, 75 Cal. 166; Soggins v. Heard, 31 Minn. 426;  Page v. Pages, 8 N. H. 187;  2  Warvelle on Vendors, 575;  Massie v. Watts, 6 Cranch 148;  Church v. Sterling,  16 Com. 388; Banks v. Judah, 8 Com. 145;  Ryan v. Dox, 34 N. Y. 307; Manning v. Hayden, 5 L. R. A. 360; Church v. Kidd, 3 Hun 254; Moyer v. Moyer, 21 Hun 67; Moore v. Crawford, 130 U. S. 122;  Brison v. Brison, 75 Cal. 525; Gruhn v. Richard-

son, 128 Ill. 178; U. P. R'y. Co. v. McAlpine, 129 U. S. 305; 2 Warvelle on Vendors, Sec. 580; 1 Warvelle on Vendors, Sec. 226; Brown v. Lynch, I Paige Ch. 147; Davenport v. Buchanan (S. D.) 61 N. W. 47; Whiffen v. Hollister, (S. D.) 80 N. W. 156; Flint Trusts and Trustees, Sec. 81.

An agent undertaking any business for another will not be allowed to purchase where he has a duty to perform inconsistent with the character of purchaser, nor to speculate for his private gain with the subject matter confided to his care. The rule forbidding conflict between interest and duty imputes constructive fraud in such cases, because the temptation to actual fraud and the facility for concealing it are so great. 1 Warvelle on Venders, Sec. 226; Manhattan Cloak and Suit Company v. Dodge, 6 L. R. A. 368; Jansen v. Williams, 20 L. R. A. 207; Tyler v. Sanborn, 4 L. R. A. 218; Stettnische v. Lamb, 18 N. W. 627; Sec. 3922 Compiled Laws.

When the defendant accepted the conditions of his agency for plaintiff he became the trustee for it in all matters appertaining to the subject of his agency. Luscombe v. Grigsby 78 N W. 357; Skinner v. Ogden 22 N. Y. 343; Moore v. Moore 5 N. Y. 256; Anderson v. Lemmon 8 N. Y. 236; § 3918 Comp. Laws.

CORSON, J. This is an action to compel the defendants to convey to the plaintiff a half section of land situated in Brookings county. Findings and judgment were in favor of the plaintiff, and the defendants appeal.

Such of the court's findings of fact as we deem material to a proper understanding of the questions to be considered are: "(3) That on the 27th day of May, 1901, the plaintiff, the

Brookings Land & Trust Company, and the defendant, The-
man J. Bertness, entered into an agreement wherein and
whereby the said Theman J. Bertness became and was to act
as agent for the said Brookings Land & Trust Company,
plaintiff herein, in the matter of the purchase and conveyance
to the plaintiff of the following described land situated in the
county of Brookings and state of South Dakota, to wit:
* * *   (4) That under and by virtue of the terms of said con-
tract and agreement the plaintiff was to pay the said defend-
ant, Theman J. Bertness, the sum of $1.25 per acre, or $400,
and the said Theman J. Bertness was to receive said sum of
$400 for services as such agent for the plaintiff. * * * * *
(5)   That the defendant Theman J. Bertness, acting as such
agent for the plaintiff, and under its directions and instructions
to purchase and procure the conveyance of said real estate to
the plaintiff, did wrongfully, fraudulently and against the will
and without the consent of the Brookings Land & Trust Com-
pany, the plaintiff herein, negotiate for the purchase of the
said real estate from the owner thereof, one Crawford S. Mc-
Williams, for the benefit of him, the said Theman J, Bertness,
and the said Theman J. Bertness, defendant herein, wrong-
fully, fraudently, and contrary to his duties and obligations as
such agent for the plaintiff, and regardless of the rights of his
said principal, the Brookings Land & Trust Company, the
plaintiff herein, obtained and procured the conveyance of the
said premises by warranty deed from the said Crawford S. Mc-
Williams to the defendant Julia T. Bertness, wife of the said
Theman J. Bertness, and one of the defendants herein, which
warranty deed was so executed by said Crawford S. McWil-
liams to said Julia T. Bertness on or about May 28, 1901, and

was duly acknowledged so as to entitle the same to record, and the same was thereafter, and on June 6, 1901, at 11:15 o'clock a. m., filed for record in the office of the register of deeds in and for said Brookings county, South Dakota, in Book 29 of Deeds, at page 560, and that the consideration expressed in said deed was the sum of fifty-six hundred dollars. * * * (7) That said deed was so made by the said Crawford S. McWilliams to the said Julia T. Bertness, wife of Theman J. Bertness * * * for the purpose of evading the liability of the said Theman J. Bertness, as agent for the plaintiff as aforesaid, and to hinder and delay the plaintiff in the enforcement of its rights in the procurement of the conveyance of said premises." The court also finds that said defendants had full knowledge of plaintiff's rights, and that the plaintiff had duly tendered the full amount paid by them as the consideration for the said premises, and also the sum of $400 as commission for the purchase of the same. The court concludes, as matters of law, "that all the material allegations of the plaintiff's complaint have been established by competent evidence, and that the plaintiff is entitled to the relief demanded in said complaint."

It is contended on the part of the appellants that the evidence in regard to this transaction, upon which the court makes its findings, was inadmissable, as the controversy was one concerning the sale of lands, and therefore within the statute of frauds, and could only be proved by some agreement or memorandum in writing subscribed by the party to be charged therewith. It is further contended by the appellants that the findings are not supported by the evidence.

It is insisted by the respondent, in support of the judg-

ment of the court below, that the contract between the plaintiff and Bertness was one of agency. and could have been established entirely by parol evidence, and was not within the statute of frauds, and, though not necessary, the agency was in fact evidenced by a written memorandum.   It is further insisted that the defendants are seeking now to set up the statute of frauds for the purpose of carrying out their fraudulent transaction.

The evidence, while somewhat conflicting, in our opinion, fully supports the findings of the court.   The reproduction of all the evidence in this opinion would serve no useful purpose, and it must suffice to state that it is undisputed that the plaintiff commenced negotiations with Dr. McWilliams for the purchase of the land in controversy by sending him a telegram requesting him to wire the price and terms of sale; that McWilliams, instead of replying by wire, wrote to the plaintiff and also to Bertness, who it seems, had attended to some of the business pertaining to his lands in Brookings county, and asking him to give him the value of the land.   Bertness called on the president of the plaintiff and informed him that he could get this property for him. and after some conversation, it was agreed between the president and Bertness that Bertness should act as the agent of the plaintiff in purchasing the property, and should receive therefor the consideration of $1 per acre.   This was subsequently increased to $1.25 per acre.   This contract as to commission was reduced to writing, and is as follows: "5-27-01. Mr, T. J. Bertness:   We will pay you $1 per acre commission if you can get the Dr. C. McWilliams half section west of Brookings for us with half of the crop for year 1901, for a price not to be above eighteen dollars per acre.   (Signed.) Brookings Land & Trust Co., by C. E. Childs.

It is quite clear from the evidence that Bertness was em-
ployed as agent by the plaintiff to purchase the property, and
sent to McWilliams a telegram prepared by the president of
the company, but signed by Bertness.    Bertness having as-
sumed the relation of agent for the plaintiff, it was not com-
petent for him to take the deed in his own name or the name
of his wife for his own use.   It is true under the understanding
he might have taken the legal title in his own name, but it would
have been simply so taken for the benefit of the plaintiff.   After
assuming to act as the agent of the plaintiff in the purchase of the
property, with the amount of commission as such agent fixed,
the taking of the property in his own name or the name of his
wife, without the knowledge of the plaintiff. was clearly in
violation of his fiduciary relations as such agent, and he, or
his wife for him, became a trustee for the plaintiff of the prop-
erty under the statute.   It seems to be a well-settled rule in
courts of equity that the plea of the statute of frauds can never
be allowed to be used as an instrument of fraud.   In other
words, the statute of frauds is to prevent frauds and perjuries,
and not to protect frauds.   In Luscombe v. Grigsby, 11 S. D.
408, 78 N. W. 357, this court held that sections 3915 and 3920,
Comp. Laws 1887 (providing that "every one who voluntarily
assumes a relation of personal confidence with another is
deemed a trustee," and one who gains a thing by fraud, the
violation of a trust, or other wrongful act, is an involuntary
trustee of the thing gained), include an agent appointed to
foreclose a mortgage for his principal. who bid in the property
in his own name.   The rule established in that case is clearly
applicable to the case at bar.   As above stated, the relation of
Bertness to the plaintiff was that of an agent, and he therefore

occupied a fiduciary relation, which, so long as it continued, prevented him from acquiring any rights to the property adverse to those of his principal.

It is contended on the part of the appellants that, as the price of the land exceeded $18 per acre, as mentioned in the original contract of agency, when Bertness failed to obtain the land at that price his agency terminated, but we cannot agree with counsel in this contention. Bertness could not consider the negotiations closed until he had informed the plaintiff of the price per acre for which the land could be purchased, and the plaintiff had either accepted the property or had declined to accept the same, and thus closed the agency transaction. Bertness failed to inform the plaintiff that McWilliams would not sell for the price mentioned in the telegram, but proceeded to purchase the property at a trifling advance over the price so mentioned, and took the title in the wife's name.

It is also contended on the part of the appellants that the plaintiff lost nothing by the transaction, and that it was not placed in any different position from what it would have been had not these negotiations been entered into, but this contention cannot be sustained. The plaintiff as we have seen, had already commenced negotiations with McWilliams for the purchase of the property, and by reason of its agreement with Bertness omitted to continue them, and trusted to the defendant Bertness to carry on the same for it, and by reason of these negotiations it lost the opportunity of purchasing the property.

In Wood v. Rabe, 96 N. Y. 414, 48 Am. Rep. 640, the Court of Appeals of New York says: "There are two principles upon

which a court of equity acts in exercising its remedial juris-
diction, which, taken together, in our opinion entitled the plain-
tiff to maintain this action.  One is that it will not permit the
statute of frauds to be used as an instrument of fraud, and the
other that, when a person through the influence of a confiden-
tial relation acquires title to property, or obtains an advantage
which he cannot conscientiously retain, the court, to prevent
the abuse of confidence, will grant relief.  * * * The principle
that, when one uses a confidential relation to acquire an ad-
vantage which he ought not in equity and good conscience to
retain, the court will convert him into a trustee, and compel
him to restore what he has unjustly acquired or seeks to un-
justly retain, has frequently been applied to transactions with-
in the statute of frauds."   Massie v. Watts, 6 Cranch, 148, 3
L. Ed. 181; Church v. Sterling, 16 Conn. 388; Banks v. Judah,
8 Conn. 145; Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696;
Church v. Kidd, 3 Hun. 254; Moore v. Crawford, 130 U. S. 122,
9 Sup. Ct. 447, 32 L. Ed. 878; Brison v. Brison, 75 Cal. 525, 17
Pac. 689, 7 Am. St. Rep. 189; Gruhn v. Richardson, 128 Ill.
178, 21 N. E. 18; U. P. R'y. Co. v. McAlpine, 129 U. S. 305, 9
Sup. Ct. 286, 32 L. Ed. 673; Rose v. Hayden, 35 Kan. 106, 10
Pac. 554, 57 Am. Rep. 145.

In Boswell v. Cunningham, 13 South, 354, 21 L. R. A. 54,
the Supreme Court of Florida, in discussing the duties of an
agent, in the syllabus held: "Where the agent employed to
purchase for his principal purchases for himself, all the profits
and advantage gained in the transaction belong to the prin-
cipal, and the agent will be held to have taken the property as
trustee for his principal.  Such a trust comes within the ex-
ception provided for in the statute of frauds, as it arises out of

the construction and operation of law, and may be established by parol."

The case of Rose v Hayden, supra, is directly in point. In that case the Supreme Court of Kansas, in an exhaustive opinion, arrived at the conclusion that a party occupying the position of agent holds the property in trust for his principal, and the court in the course of the opinion says; "The controlling question in this case is not whether the principal advanced the purchase money or not, but it is whether, in equity and good conscience, the agent, who in fact purchased the property with his own money in his own name, in violation of his agreement with his principal, and in abuse of the confidence reposed in him by his principal, can be allowed to retain the fruits of his perfidy. The weight of authority is, we think, that he cannot. Sanford v. Norris, 4 Abb. Dec. 144; Wellford v. Chancellor, 5 Grat. 39; Onson v. Cown, 22 Wis. 329; Winn v. Dillon, 27 Miss. 494; Cameron v. Lewis, 56; Gillenwaters v. Miller, 49 Miss. 150; Chastain v. Smith, 30 Ga. 96; Heard v. Pilley, 4 Ch. App. 548; Lees v. Nutall, 1 Russ. & M. 53, affirmed on appeal, 2 Mylne & K. 819; Taylor v. Salmon, 4 Milne & C. 134; Cave v. Mackenzie, Fisher, Ann. Dig. 1877, 400; Baker v. Whiting, 3 Sumn. 475 [Fed. Cas. No. 787]; Snyder v. Wolford, 33 Minn. 175, 22 N. W. 254 [53 Am. Rep. 22]; Peebles v. Reading, 8 Serg. & R. 484; Burrell v. Bull, 3 Sandf. Ch. 15. * * * * The facts that the defendant was the agent of the plaintiff for the purpose of negotiating for the purchase of the property; that in violation of his agency he purchased the property for himself, and took the title thereto in his own name; and the further facts that the plaintiff has elected to treat the defendant as a trustee holding the property for the plaintiff, and has

tendered to the defendant the full amount which the defendant paid for the property, and an additional amount sufficient to compensate the defendant for all his services as agent—are, we think, sufficient to entitle the plaintiff to recover.".

We are of the opinion that the findings of the court were fully sustained by the evidence, and that the exceptions of the appellants thereto are without merit. We are also of the opinion that the court's conclusions of law upon the findings are clearly correct, and the judgment of the court below and the order denying a new trial are affirmed.