MORRIS v. REIGEL.

1. Where there is no preponderance of evidence against the findings of the trial court, and the evidence justifies the court's inferences therefrom, they are conclusive on appeal.

2. Where an agent purchases real estate for his principal, but takes the title in his own name, a trust arises by operation of law in favor of the principal, though the agent used his own money in payment of the price.

3. The authority of the agent need not be in writing to make the trust enforceable under the statute of frauds.

(Opinion filed December 21, 1904.)

Appeal from circuit court, Beadle county; Hon. J. H. McCoy, Judge.

Suit by Frank A. Morris against Andrew Reigel. From a judgment for plaintiff, defendant appeals. Affirmed.

*T. H. Null,* (*Horner & Stewart,* of counsel,) for appellant.

Where the person claiming the beneficial interest in land purchased in another's name has not actually paid any part of the purchase money it is not competent to raise a trust in his favor by showing, by parol, that the purchase was made by agreement for his benefit. Kendall v. Mann, 11 Allen 17; Alexander v. Tams, 13 Ill. 223; Perry v. McHenry, 13 Ill. 227; Botsford v. Burr, 2 Johns ch. 405; Walter v. Klock, 55 Ill. 362; Tevy v. Brush, 45 N. W. 589; Richardson v. Johnson, 41 Wis. 100; Payne v. Patterson, 77 Pa. St. 134; Howland v. Blake, 98 U. S. 624; Loomis v. Loomis, 35 Barb. 624; Rogers v. Summers, 55 Ill. 76; O'Hara v. Dilworth, 72 Pa. St. 403; Minot v. Mitchell, 30 Ind. 288; Homer v. Homer, 107 Mass. 82; Hackney v. Butts, 41 Ark. 393; Walker v. Burnyard, 12 Sm. & M. 723; McCalls Appeal, 11 Alt. 206; Collins v. Sullivan, 135 Mass. 461; Burden v. Sheldon, 36 Iowa 125; Watson v. Erb, 33 Ohio St. 35.

*Crawford & Taylor* and *W. A. Lynch,* for respondent.

Plaintiff may prove by parol that he paid the purchase

price by a loan made to him by defendant. Boyd v. McLean, 1 Johns Ch. 582; Ryan v. Dox, 34 N. Y. 307; Wood v. Robe, 96 N. Y. 414; Schultz v. Mayor of New York, 103 N. Y. 307; Alaney v. Casenove, 27 Pac. 521; Leahey v. Witte, (Mo.), 27 S. W. 402

Where an agent was employed to negotiate for certain lands, and in violation of his agreement, purchased for himself and his partner, the purchase money furnished by the agent will be considered as a loan only, and while the agent and his partner may hold the title to the property purchased as security for the money advanced, neither of these parties can hold the land adversely to the principal merely because the principal has not advanced the purchase money, when, at the time of the employment of the agent the amount of the purchase money could not be known, and where neither the agent, nor his partner, ever presented to the principal any statement of the purchase money. 1 Beach on Trusts, § 193, pages 417, 418; Bryan v. McNaughten, 38 Kansas 98.

Where the relation of the principal and agent is established, the agent who violates the trust reposed in him by his principal and profits by dishonesty, cannot shield himself behind the statute of frauds. Boswell v. Cunningham, 21 L. A. R. 54; Cotton v. Holliday, 59 Ill. 176; McMurray v. Mobley, 39 Ark. 309; Firestone v. Firestone, 49 Ala. 128; Wellford v. Chancellor, 5 Grattan 39; Wolford v. Herrington, 74 Penn. 311; Church v. Sterling, 16 Conn. 388; Switzer v. Skiles, 8 Ill. 529; Reed v. Warner, 5 Paige 650; Sweet v. Jacocks, 6 Paige 355.

In many cases where fraud would be protected by a statute or by the technical rules of the common law, equity administers justice by compelling the person holding the legal title,

to convey the property in question to the equitable owner.   1 Beach on Trusts and Trustees, sec. 181 and 182; Leahey v. Witte, 27 S. W. 402; People v. Kendall, 25 Wend. 399; Conroe v. Birdsell, 1 Johns Cases 127; Price v. Hewitt, 8 Exchq. 145; Burley v. Russell, 10 N. H. 184; West v. Moore, 14 Vt. 447; Wright v. Arnold, 4 B. Mon. 643; Davis v. Fingle, 8 B. Mon. 539.

CORSON, P. J.   This is an action by the plaintiff to compel the defendant to convey to him certain lots in the city of Huron, alleged to have been purchased by the defendant as the agent of the plaintiff, but the title to which was taken in the name of the defendant.   The findings of fact, briefly stated, are as follows:   That on or about the 25th day of February, A. D. 1902, the defendant entered into an agreement with the plaintiff whereby he agreed and undertook to represent the plaintiff in negotiating for the purchase of and in purchasing for the plaintiff, the said real estate, and in procuring from the owner thereof a deed of conveyance of said property in fee simple to plaintiff; that the consideration to defendant for said agreement undertaken on his part was that he was the owner of other property situated near the property above described, on the same street, and was interested in various prospective improvements on said street in which he desired the co-operation and assistance of plaintiff by having him become an owner of property adjacent to his own; that the defendant by his own special request induced the plaintiff to intrust him with the entire undertaking to purchase the said property in behalf of the plaintiff, and the procuring of the deed or conveyance of the same to the plaintiff from the owner thereof for the pur-

chase price of $3,000; that the defendant at the time of making said agreement with the plaintiff, and as an inducement to the plaintiff to intrust said purchase to him, represented to the plaintiff that on account of defendant's relations to the owner of the property, and correspondence he had already had with such owner, the said defendant could purchase said property for plaintiff on more advantageous terms than the plaintiff himself could do; that the plaintiff relied implicitly upon said representations, and was induced thereby to intrust the entire matter of the purchase of said property to the defendant, and, on account of the same, refrained from in any manner acting in the premises except by and through the defendant; that during the negotiations between the plaintiff and defendant the plaintiff informed the defendant that he might be absent from his home, in the city of Huron, when the deed would arrive from the owner of the said property to him, and then and there offered to leave with the defendant a check for part or for all of the purchase price of said property, if it was desired to be used in the absence of plaintiff, should said deed arrive; that defendant informed plaintiff that he had plenty of money lying idle in the bank, and that if the deed should come in his absence he, the defendant, would advance the purchase price for him temporarily; that the plaintiff made arrangment to set apart and leave, and did set apart and leave, in the bank at Huron, where he kept his funds, the sum of $3,000, with instructions to his secretary to pay the same over to the defendant, if called for during his absence; that after entering upon said agreement with the plaintiff, for the purpose of carrying out the same, the defendant did on the 1st day of March, 1902, write to the vice presi-

dent of the Equitable Loan & Trust Company, then the owner of the property, a letter in relation to said property, in which he stated that he had accomplished the sale of the property at $3,000 net cash; that relying solely and implicitly upon the representations and good faith of the defendant as his representative in purchasing said property for him, the plaintiff was absent from his home, and the defendant, as his agent, purchased the said property from said Equitable Loan & Trust Company for the sum of $3,000, taking the deed therefor in his own name without the knowledge or consent of the plaintiff, and without the knowledge or consent of the plaintiff caused said deed to be at once filed for record and the property insured in his own name, and that he took possession of the property and began to collect and appropriate to his own use the rents and profits therefrom; that the defendant paid to the said company the said sum of $3,000 for the property, in accordance with his previous agreement, but upon the return of plaintiff he refused to accept from him a repayment of the sum so paid, and declined to deed the property over to the plaintiff, or to surrender to him the possession thereof; that the plaintiff duly tendered to the defendant the sum so paid by him, and demanded the execution and delivery to him of a deed to the said property, which the defendant refused and still refuses to give, and refuses to surrender possession thereof to the plaintiff. From these findings the court concludes that the plaintiff is entitled, upon depositing in a reputable bank to the credit of the defendant the sum of $3,000, to a decree declaring him to be the equitable owner of said real estate, and that the defendant be required to execute to the plaintiff a good and sufficient deed to the same, and that he be awarded the possession thereof, with

the rents and profits. Judgment was thereupon entered upon the findings in favor of the plaintiff. A motion for a new trial was made and denied, and from the judgment and order denying a new trial the defendant has appealed.

One of the grounds for the motion for a new trial was the insufficiency of the evidence to justify the findings; but upon a rewiew of the evidence, which is practically undisputed, this court cannot say that there is a preponderance of the same, against the findings of the trial court, or that the court's inferences therefrom were not fully justified. Randall v. Burk Township, 4 S. D. 337, 57 N. W. 4.

It is contended by the appellant that the transaction between himself and the respondent was not evidenced by any writing, and therefore the evidence was inadmissible under the statute of frauds, which requires all contracts relating to real property to be evidenced by some writing; that if it is claimed that the transaction was in the nature of a trust, and the defendant should be held as trustee, such claim is untenable, for the reason that no evidence of such trust relation in writing was offered in evidence, and that the plaintiff cannot enforce a parol trust. The respondent in support of the conclusions of law and judgment of the court, contends that the appellant acted as the agent of the respondent in the purchase of the property, and therefore occupied a fiduciary relation which made him a trustee by operation of law, and that in such a case no written memorandum is required. We are inclined to the opinion that the respondent is correct in his contention, and that under the facts found the defendant was clearly acting, in the purchase of the property and taking a deed therefor, as the agent of the respondent, and that in tak-

ing such deed in his own name he clearly violated his duty as such agent, and must be regarded as the trustee of the respondent. This court held in the case of Luscombe v. Grigsby et al., 11 S. D. 408, 78 N. W. 357, and reaffirmed the same in the case of Brookings Land & Trust Co. v. Bertness, 17 S. D. 293, 96 N. W. 97, that such a trust is not within the statute of frauds, or within the statute requiring trusts to be evidenced by writing, but is a trust created by operation of law, and is not, therefore, required to be evidenced by any writing. An agent may be employed to purchase property for his principal by parol (Rose v. Hayden. 35 Kan. 106, 10 Pac. 554, 57 Am. Rep. 145), and he cannot, in violation of that relation, take tite to property in his own name, acquired while acting as such agent; and if he does take such title in his own name, though he pays the price of the property out of his own funds, he will in equity be held to be the trustee of the principal, and be required, upon the repayment of the money so advanced, to transfer the property so acquired to his principal.

Since perfecting the appeal in the case at bar. the opinion in the case of Brookings Land & Trust Co. v. Bertness, supra, has been handed down, and the questions presented in the case at bar are so fully discussed in that case that a further discussion at this time seems unnecessary. In that case, as in the present, the agent paid for the property purchased with his own money, but the court below held that, by reason of the confidential relation of the agent to his principal, a trust arose, the enforcement of which was decreed by the court below and affirmed by this court. For a full review of the authorities, English and American, bearing upon the questions involved in the case at bar, see Rose v. Hayden, supra, cited, and from

which an extract was copied, in the opinion in the Brookings Land & Trust Co. case, supra.

Following the decisions of this court in the cases above mentioned, the judgment of the circuit court and order denying a new trial are affirmed.